## James Mastorakos, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

### Gen. No. 15,333.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed January 13, 1911.

CHARLES J. GOULD and FERDINAND Goss, for plaintiff in error.

E. F. DUNNE and D. P. MURPHY, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

No question of law is raised on this record. The main contention of plaintiff in error is that the verdict is against the manifest weight of the evidence.

From an examination of the evidence we think the question of liability is a very close one. Sitting as jurors we probably should have resolved the question adversely to the defendant in error. That question turns mainly upon the credence to be given to the witnesses testifying on behalf of the respective parties. The evidence is conflicting. The testimony of the witnesses called by defendant in error, if believed, tends to establish negligence on the part of plaintiff in error which caused the injury to defendant in error. On the other hand, the testimony of the witnesses called by the plaintiff in error tends to show that at the moment the horse attached to the wagon on which defendant in error was riding fell on or near the track upon which plaintiff in error's car was

running, the car was too near the horse to be stopped before it struck the horse and caused the injury. The witnesses were before the jury, who had the opportunity to see them and their manner of testifying. The judge and jury in the court below had superior advantages for the determination of the truth and the detection of falsehood over this court, sitting as a court of review. Calvert v. Carpenter, 96 Ill. 63. We cannot say from a mere examination of the record that the verdict is manifestly and clearly against the weight of the evidence.

The judgment is therefore affirmed.

*Affirmed.*